AGUSTÍN MATEO, Petitioner and Appellant, *v.* BOARD OF EXAMINERS OF ENGINEERS, ETC., Respondent and Appellee.

No. 4762. Argued June 7, 1929.—Decided February 14, 1930.

*R. Sancho Bonet,* for appellant. *James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of San Juan in its opinion decided substantially as follows: That a petition was presented to the Board of Examiners of Engineers, Architects and Surveyors, for a license as architect, in accordance with section

of the Act of April 26th, 1927 (copied *ante,* p. 561), that the petitioner relying on General Order No. 24 of February 5, 1900, had been practicing his profession for eight years; that the court had examined all the evidence that the board had before it and all the evidence produced at the trial, and arrived at the conclusion that the petitioner had not been practicing his profession as required by law; that what appeared from his sworn statement, and the evidence, was that the petitioner had merely been engaged in the construction of buildings, or what is commonly known as master builder (*maestro de obra*), a profession in Spain which had been suppressed and its exercise made free by a Royal Order of May 5, 1891; that while the petitioner tried to show that he made plans and projects (*proyectos*) of work, if those presented to court were examined, they were simple pictures or designs made in pencil on white paper, without being signed or certified by the petitioner as architect and did not show that the hand of a professional, properly so-called, had traced them. Thereupon the court showed what was necessary for an architect, both in Spain and in the United States, citing authorities and commenting that under the law the petitioner could continue doing for private persons what he had been doing before. The petition was denied.

The appellant attacks the findings of the court principally by referring to the definitions made by the court, but he does not, by reference to the pages of the record convince us that the court was mistaken. The appellee nevertheless with definite references cites evidence to support the conclusion of the court.

While in a number of cases just decided we have held that the sworn statement of a petitioner is prima facie evidence, such evidence necessarily may be overcome. Then the board has a discretion to deny the application.

We are not at all persuaded that any error was committed in this case and the judgment should be affirmed.